Henry W. Simon, Jr.
Texas Bar No. 18394000
Robert A. Simon
Texas Bar No. 18390000
Spencer D. Solomon
Texas Bar No. 24066117
**BARLOW GARSEK & SIMON, LLP**
3815 Lisbon Street
Fort Worth, Texas 76107
Telephone: (817) 731-4500
Facsimile: (817) 731-6200
**Proposed Attorneys for FRE Real Estate, Inc.,**
**Debtor-in-Possession**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 11-42042-dml-11 |
| FRE REAL ESTATE, INC., | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

**DEBTOR'S RESPONSE TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION SEEEKING EXPEDITED CONSIDERATION OF MOTION FOR AN ORDER AUTHORIZING THE EXAMINATION OF (A) RONALD F. AKIN, PRESIDENT OF THE DEBTOR, AND (B) THE REPRESENTATIVES DESIGNATED PURSUANT TO FRCP 30(b)(6), PURSUANT TO FEDERAL RULE OF <u>BANKRUPTCY PROCEDURE 2004</u>**
**[Relates to Docket No. 9]**

TO THE HONORABLE D. MICHAEL LYNN, UNITED STATES BANKRUPTCY JUDGE:

Debtor-in-Possession, FRE Real Estate, Inc. (the "Debtor"), files this Response to *Highland Capital Management, L.P.'s Motion Seeking Expedited Consideration of Motion for an Order Authorizing the Examination of (a) Ronald F. Akin, President of the Debtor, and (b) the Representatives Designated Pursuant to FRCP 30(b)(6), Pursuant to Federal Rule of Bankruptcy Procedure 2004* (the "Request for Expedited Consideration"), [Docket No. 9]. In support, the Debtor respectfully represents as follows:

1.     On April 6, 2011, Highland Capital Management, L.P. ("Highland"), the special servicer to the Debtor's mortgage lender, filed the Request for Expedited Consideration, seeking an emergency hearing on its *Motion for an Order Authorizing the Examination of (a) Ronald F. Akin, President of the Debtor, and (b) the Representatives Designated Pursuant to FRCP 30(b)(6), Pursuant to Federal Rule of Bankruptcy Procedure 2004* (the "Motion"), [Docket No. 8]. The certificate of service attached to the Request for Expedited Consideration indicates that the undersigned refused to schedule a 2004 exam of the Debtor and Ronald F. Akin on Highland's proposed timetable—which, for the Court's reference, was three (3) days. However, Highland's counsel never attempted to confer with the undersigned regarding an expedited hearing on the Motion.

2.     The sole basis for Highland's "emergency" is that this is the Debtor's second Chapter 11 case, that Highland's scheduled foreclosure on the Debtor's property has been stayed, and, because of these two facts, "equity warrants that, rather than delaying the inevitable, the Special Servicer should be immediately permitted to conduct the 2004 examinations so that the Second Chapter 11 Case can proceed expeditiously and not be a further waste of the Court's time and judicial resources." Request for Expedited Consideration ¶ 5. Because Highland has not shown an emergency warranting expedited consideration of the Motion, the Request for Expedited Consideration must be denied.

3.     A request for expedited consideration is subject to three basic requirements. First, "it must appear clearly from the pleadings not only that there is an emergency but also that it is not an emergency of the movant's own making." *In re Villareal*, 160 B.R. 786, 787 (Bankr. W.D. Tex. 1993). Second, there must be a separate motion to expedite accompanying the underlying motion. *Id.* Third, "the motion to expedite should address the question of prejudice

---

**DEBTOR'S RESPONSE TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION SEEEKING EXPEDITED CONSIDERATION OF MOTION FOR AN ORDER AUTHORIZING THE EXAMINATION OF (A) RONALD F. AKIN, PRESIDENT OF THE DEBTOR, AND (B) THE REPRESENTATIVES DESIGNATED PURSUANT TO FRCP 30(b)(6), PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

to other parties otherwise entitled to notice." *Id.* (citing *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 390 (Bankr. E.D. Pa. 1987)). While Highland satisfied the second requirement by filing a separate motion to expedite, it has not shown an emergency and has made no attempt to address prejudice to parties-in-interest.

4. Highland's stated "emergency" is that its efforts to foreclose on the Debtor's property have been frustrated, and that rather than delaying "the inevitable" the Court should consider Highland's Motion on an expedited basis. The Debtor's designated representatives and Mr. Akin are not going anywhere and the undersigned has already agreed to a 2004 examination of the Debtor so long as the examination occurs within a time frame that is agreeable to both parties, rather than the three-day time frame Highland would prefer. The Debtor and its counsel are presently swamped preparing first day motions, going over the Debtor's financial information and loan documents, and preparing the Debtor's schedules and statement of financial affairs. An expedited hearing is not only completely unnecessary, it would seriously prejudice the Debtor's ability to file first day motions and other documents required by the Bankruptcy Code. Highland has not shown an emergency and has simply filed the Request for Expedited Consideration in order to harass the Debtor and its principals at a time when they are entitled to a short breathing spell to prepare its case for administration. The Request for Expedited Consideration must be denied.

WHEREFORE, the Debtor requests that the Court deny the Request for Expedited Consideration and order such other and further relief to which the Debtor is justly entitled.

April 6, 2011

**DEBTOR'S RESPONSE TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION SEEEKING EXPEDITED CONSIDERATION OF MOTION FOR AN ORDER AUTHORIZING THE EXAMINATION OF (A) RONALD F. AKIN, PRESIDENT OF THE DEBTOR, AND (B) THE REPRESENTATIVES DESIGNATED PURSUANT TO FRCP 30(b)(6), PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**
**Page 3**

Respectfully submitted,

**BARLOW, GARSEK & SIMON, L.L.P.**

By: /s/ Robert A. Simon
_____
Henry W. Simon, Jr.
Texas Bar No. 18394000
Robert A. Simon
Texas Bar No. 18390000
Spencer D. Solomon
Texas Bar No. 24066117

3815 Lisbon Street
Fort Worth, Texas 76107
Telephone: (817) 731-4500
Facsimile: (817) 731-6200
**Proposed Attorneys for FRE Real Estate, Inc., Debtor-in-Possession**

### CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2011, I served a true and correct copy of the foregoing to all parties receiving service via this Court's ECF notification system, and the parties listed below by email.

Michael D. Warner
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
Telephone: (817) 810-5250
Facsimile: (817) 810-5255
Email: mwarner@coleschotz.com

/s/ Robert A. Simon
_____
Robert A. Simon

**DEBTOR'S RESPONSE TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION SEEEKING EXPEDITED CONSIDERATION OF MOTION FOR AN ORDER AUTHORIZING THE EXAMINATION OF (A) RONALD F. AKIN, PRESIDENT OF THE DEBTOR, AND (B) THE REPRESENTATIVES DESIGNATED PURSUANT TO FRCP 30(b)(6), PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

**Page 4**