BTXN 146 (rev. 03/03)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| In Re: | § | Case No.: 11-42042-dml11 |
|---|---|---|
|  | § |  |
| FRE Real Estate, Inc. | § | Adversary No.: |
| Debtor(s) | § |  |
|  | § |  |
|  | § |  |
| Plaintiff(s) | § |  |
|  | § |  |
| vs. | § |  |
|  | § |  |
| Defendant(s) | § |  |

## MOTION FOR SETTING AND
## REQUEST FOR EXPEDITED HEARING

1. Highland Capital Managment, L.P., as Special Servicer hereby requests that a hearing be set on the Motion For an Order Authorizing the Examination of (A) Ronald F. Akin, President of the Debtor, and (B) the Representatives Designated Pursuan to FRCP 30(b)(6) Pursuantt to Federal Rule of Bankruptcy Procedur 2004 not later than April 11 to 14, 2011. Hearing by such date is necessary because (1) The Debtor's sole income producing asset is an office building, subject to a lien in favor of the Movant. The value of the property is at least $20 Million less than the Debt owed to the Movant. (2) The operating expenses of the Debtor, in connection with the building and those necessary to preserve the value of the building and the tenants therein (the value of the Movant's collateral) are not being paid by the Debtor as the Debtor has no free and clear cash, and has not approached the Movant with a proposal to address such operating expenses, notwithstanding that this case is 3 days old. In fact, no first day motions have been filed by the Debtor. Thus the Debtor is evidencing the Debtor's continued intent to delay, frustrate and hinder the Movant and injure the Movant's collateral. (3) The cash generated from the building is not cash collateral, as the Movant has an absolute assignment of the Rents from the building. The Debtor has not filed a motion to use cash collateral, notwithstanding the issue of the absolute assignment. This evidences the Debtor's intent to file a case and let it languish to the detriment of the Movant. (4) The Movant believes that every day this case proceeds without action by the Debtor (which works to the benefit of the Debtor) hinders and effects the tenants of the building, the value of the collateral and causes harm to the Movant. The Movant intends to protect its right by filing a motion to terminate the Debtor's exclusivity as soon as possible - for the benefit of all creditors (secured and unsecured). However to make the appropriate presentation to the Court in connection with such a motion the Movant needs to complete its discovery from the Debtor as requested in the Motion. For this reason expedited consideration the Motion is appropriate. (5) The Debtor intentionally failed to designate its case as a Single Asset Real Estate (SARE) case, pursuant to Section 101 (51B) of the Bankruptcy Code as part of the filing of its Petition. Failing to do so, puts

Motion For Setting and Request for Expedited Hearing (BTXN 146)     Page 2 of 2
Case 11-42042-dml11    Doc 16    Filed 04/06/11    Entered 04/06/11 16:38:00    Desc Main
Document    Page 2 of 2

the obligation upon the Movant to seek an Order of the Court confirming that the Debtor's case is a SARE case. The Movant intends to file a motion, as soon as possible, seeking an Order confirming that the Debtor's case is a SARE case. However, before bringing such a motion the Movant wants to complete necessary discovery as proposed in the Motion. Time is of the essence in connection with bringing such a motion to declare that the Debtor's case is a SARE case, as until such time as an order is entered, the Debtor is not required to perform pursuant to the more restrictive provisions of Section 362(d)(3) and only upon entry of the order declaring that the Debtor's case is a SARE case, does the 90 provision thereof commence. Thus, once again the Debtor obtain the benefits of delay by inaction. For this reason expedited consideration the Motion is appropriate. (6) The scope of the examination requested by the Motion is narrowly focused and designed to expedite the administration of this case for the benefit of all parties. (7) This is the 2nd Chapter 11 filing by the Debtor in the last 90 days. This is essentially a two-party dispute as the Movant is substantially undersecured, and the unsecured claims will potentially be "swamped" by the defeicency claim of the Movant. Thus the Debtor will be unable to propose a plan acceptable to the Movant or one that is confirmable. The Debtor's 1st Chapter 11 case was dismissed as a "bad faith filing", by the Honorable Barbara Houser. The 1st Chapter 11 case and this 2nd Chapter 11 case were both filed within hours of the scheduled foreclosure sale of the Debtor's real property, by the secured lender (the Movant in this Motion). The Debtor has "changed" its address, resulting the in the 2nd Chapter 11 case being assigned to the Fort Worth Division, rather than the Dallas Division. Nothing herein in intended to waive the rights of the Movant to oppose any action by the Debtor with respect to the cash generated by the Lender's collateral. .

2. Notice of proposed expedited hearing will be provided to Debtor by Highland Capital Managment, L.P., as Special Servicer and will be sufficient because The Motion has been severed upon the Debtor, the Debtor's counsel, the United States Trustee, and the 20 Largest Unsecured Creditors via over night deliver, and on all other intested parties via US Mail..

3. A hearing was not requested earlier because Seperate motion was filed 4/6/11..

Michael D. Warner

Counsel for

Highland Capital Managment, L.P., as Special Servicer

April 6, 2011