Henry W. Simon, Jr.
Texas Bar No. 18394000
Robert A. Simon
Texas Bar No. 18390000
Spencer D. Solomon
Texas Bar No. 24066117
**BARLOW GARSEK & SIMON, LLP**
3815 Lisbon Street
Fort Worth, Texas 76107
Telephone: (817) 731-4500
Facsimile: (817) 731-6200
**Proposed Attorneys for FRE Real Estate, Inc.,**
**Debtor-in-Possession**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 11-42042-dml-11 |
| FRE REAL ESTATE, INC., | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

**DEBTOR'S RESPONSE TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S**
**AMENDED MOTION FOR SETTING AND REQUEST FOR EXPEDITED HEARING**
[Relates to Docket No. 16]

TO THE HONORABLE D. MICHAEL LYNN, UNITED STATES BANKRUPTCY JUDGE:

Debtor-in-Possession, FRE Real Estate, Inc. (the "Debtor"), files this Response to *Highland Capital Management, L.P.'s Amended Request for Expedited Hearing* (the "Amended Request for Expedited Hearing"), [Docket No. 16]. In support, the Debtor respectfully represents as follows:

1. On April 6, 2011, Highland Capital Management, L.P. ("Highland"), the special servicer to the Debtor's mortgage lender, filed an Amended Request for Expedited Hearing, which amends its original request for expedited consideration of its *Motion for an Order Authorizing the Examination of (a) Ronald F. Akin, President of the Debtor, and (b) the*

*Representatives Designated Pursuant to FRCP 30(b)(6), Pursuant to Federal Rule of Bankruptcy Procedure 2004* (the "Motion"), [Docket No. 8]. The Amended Request for Expedited Hearing attempts to cure the deficiencies of Highland's original request, [Docket No. 9]. Despite the fact that the Debtor's response to Highland's original request points out that Highland failed to confer with the Debtor regarding its request for an expedited hearing, Highland also made no attempt to confer on the Amended Request for Expedited Hearing, as required by the local rules. Instead, Highland sets forth a numbered list of reasons why it believes emergency consideration of its Motion is appropriate.

2.     The reasons set forth in Highland's Amended Request for Expedited Hearing are nothing more than a slew of unsupported allegations which still fail to explain why Highland needs to take the Debtor's 2004 exam on an emergency basis. Rather, it appears that Highland is attempting to try all the issues related to this Chapter 11 case in a motion for expedited hearing. The Debtor will address each of Highland's enumerated "emergencies" in turn:

3.     First, Highland alleges that the value of the Debtor's property is less than the debt, but offers no explanation as to how this fact (which is both unsupported and untrue) gives rise to an urgent need to take the Debtor's 2004 examination. And even if Highland's allegation was true, taking the Debtor's 2004 exam on an expedited basis will not change the value of the Debtor's property.

4.     Second, Highland asserts that the amount of the Debtor's available cash, combined with the fact that the Debtor has not yet filed first day motions, reflects "the Debtor's continued intent to delay, frustrate and hinder the Movant and injure the Movant's collateral." The Debtor owns commercial office buildings and can survive for a few days without spending cash. This case was filed on the eleventh hour before foreclosure of the Debtor's property and

Debtor's proposed counsel has been working diligently on obtaining budgets and drafting first day motions since the inception of the case. The Debtor expects to file its motion for authority to use cash collateral tomorrow, at which time Highland's fear about the Debtor's dilatory motive should be assuaged. The Debtor would have filed its first day motions sooner, but was forced to spend significant time responding to both of Highland's frivolous motions for expedited hearing. Most importantly, none of Highland's allegations regarding the Debtor's intent show that an emergency exists necessitating an expedited hearing. In fact, Highland's actions thus far evince Highland's intent to frustrate the Debtor's efforts at reorganization by whatever means necessary.

5. Third, Highland explains that it needs an expedited hearing because it has an absolute assignment of rents. Even if Highland's loan documents clearly and unambiguously create an absolute assignment, rather than a collateral assignment, of rents (which they do not), and even if Highland could overcome the strong presumption in Texas that the parties intended a collateral assignment, rather than an absolute assignment (which it cannot), *FDIC v. Int'l Prop. Mgmt., Inc.*, 929 F.2d 1033, 1035 (5th Cir. 1991), bankruptcy courts in Texas have generally held that a purported absolute assignment of rents to a mortgagee is a legal fiction and will be treated as a lien. *See, e.g.*, *In re Las Torres Development, L.L.C.*, 408 B.R. 876, 885-87 (Bankr. S.D. Tex. 2009). Texas bankruptcy courts have also recognized that even if a mortgagee could create an absolute assignment of rents, post-petition rents are property of the estate and are therefore subject to a cash collateral order. *Id.* But notwithstanding this case law, Highland's belief about the Debtor's motivation in filing this Chapter 11 case has nothing to do with whether an emergency exists requiring an expedited hearing to take a 2004 exam. If Highland simply waits one more day, it will have the Debtor's cash collateral motion and can expend its obviously

ample free time responding to that, rather than raising this issue in a motion for expedited hearing. A three day delay in the Debtor's filing its first day motions does not evidence an intent to delay and frustrate creditors.

6. Fourth, Highland says it needs an emergency hearing to conduct discovery on an expedited basis for its motion to terminate the Debtor's exclusivity period. In order to obtain an expedited hearing, "it must appear clearly from the pleadings not only that there is an emergency but also that it is *not an emergency of the movant's own making*." *In re Villareal*, 160 B.R. 786, 787 (Bankr. W.D. Tex. 1993). Highland's desire to file a motion to terminate the exclusivity period is not an emergency. This request is tantamount to a request for expedited consideration of a motion to extend the discovery deadline because a litigant really, really needs to take depositions to file a summary judgment motion. Highland's desire to quickly throw a wrench into the gears of the Debtor's Chapter 11 case is no emergency.

7. Fifth, Highland alleges this case should be designated as a single asset real estate case. In keeping with its prior reasons for an expedited hearing, Highland offers no explanation as to why this allegation translates to an urgent need to take the Debtor's 2004 exam. The Debtor did not file this case as a single asset case because it is not a single asset case. In fact, the Debtor owns no less than four (4) separate parcels of real property, including (a) two seven-story office towers located at 1501-1503 and 1505-1507 LBJ Freeway in Farmer's Branch, Texas 75234 ("Fenton Centre"); (b) 4.7 acres of undeveloped land adjacent to Fenton Centre on LBJ Freeway (the "Adjacent Land"); (c) a 177,805 square foot building in Farmer's Branch, Texas, off of Valley View Lane, just east of Mercer Crossing (the "Thermalloy Building"); and (d) 6.60 acres of vacant land in Mercer Crossing, just off Valley View Lane, alongside Whittington (the

"Three Hickory Tract"). Highland's allegation that this case should have been designated as a single asset case is as wrong as it is irrelevant to a motion for expedited hearing.

8. Sixth, Highland states that its 2004 examination of the Debtor will be narrowly focused. As an initial matter, nothing about the scope of the 2004 exam requested by Highland is "narrow." And Highland offers no explanation as to why this constitutes grounds for obtaining an emergency hearing.

9. Seventh, Highland fast forwards to the confirmation hearing, arguing that the Debtor will not be able to confirm a plan of reorganization, and gives a litany of reasons that Highland believes this case has been filed in bad faith. These allegations have no place in a motion for expedited hearing and do nothing more than indicate that there is no real emergency necessitating expedited consideration of Highland's Motion. Despite Highland's apparent belief to the contrary, it cannot try all issues in this case in a motion for expedited hearing. If Highland wishes to file the appropriate motions to assert these various issues, the Debtor will be happy to respond and appear for hearings. Highland has still shown no emergency and an expedited hearing at this juncture, at which the Debtor is still working on first day motions and preparing documents necessary for case administration, will seriously prejudice the Debtor. The Amended Request for Expedited Hearing must be denied.

WHEREFORE, the Debtor requests that the Court deny the Amended Request for Expedited Hearing and order such other and further relief to which the Debtor is justly entitled.

April 6, 2011

Respectfully submitted,

**BARLOW, GARSEK & SIMON, L.L.P.**

By:  /s/ Robert A. Simon
_____
Henry W. Simon, Jr.
Texas Bar No. 18394000
Robert A. Simon
Texas Bar No. 18390000
Spencer D. Solomon
Texas Bar No. 24066117

3815 Lisbon Street
Fort Worth, Texas 76107
Telephone: (817) 731-4500
Facsimile: (817) 731-6200
**Proposed Attorneys for FRE Real Estate, Inc., Debtor-in-Possession**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2011, I served a true and correct copy of the foregoing to all parties receiving service via this Court's ECF notification system, and the parties listed below by email.

Michael D. Warner
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
Telephone: (817) 810-5250
Facsimile: (817) 810-5255
Email: mwarner@coleschotz.com

/s/ Robert A. Simon
_____
Robert A. Simon

**DEBTOR'S RESPONSE TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S
AMENDED MOTION FOR SETTING AND REQUEST FOR EXPEDITED HEARING**

**Page 6**