Henry W. Simon, Jr.
Texas Bar No. 18394000
Robert A. Simon
Texas Bar No. 18390000
Spencer D. Solomon
Texas Bar No. 24066117
**BARLOW GARSEK & SIMON, LLP**
3815 Lisbon Street
Fort Worth, Texas 76107
Telephone: (817) 731-4500
Facsimile: (817) 731-6200
**Proposed Attorneys for FRE Real Estate, Inc.,**
**Debtor-in-Possession**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 11-42042-dml-11** |
| **FRE REAL ESTATE, INC.,** | § | |
| | § | **CHAPTER 11** |
| **DEBTOR.** | § | |

**DEBTOR'S LIMITED OBJECTION TO HIGHLAND CAPITAL MANAGEMENT,**
**L.P.'S REQUEST FOR JUDICIAL NOTICE**

TO THE HONORABLE D. MICHAEL LYNN, UNITED STATES BANKRUPTCY JUDGE:

Debtor-in-Possession, FRE Real Estate, Inc. (the "Debtor"), files this Limited Objection to Highland Capital Management, L.P.'s ("Highland") *Request for Judicial Notice*, [Docket No. 32]. In support, the Debtor respectfully represents as follows:

**I.**

**Nature and Availability of Judicial Notice**

1. Judicial notice of a particular fact is appropriate if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. In order for a fact to be judicially noticed under Rule

201(b), indisputability is a prerequisite." *U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citing 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 at 485 (1977 & Supp.1994)). "Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing." *Jones*, 29 F.3d at 1553 (internal citation omitted).

2. The doctrine of judicial notice does not provide a basis for an expansive and unchecked inclusion of documents from the docket of another bankruptcy case. *See, e.g., R.C. Wynn v. Halliburton (In re R.C. Wynn)*, 112 B.R. 9, 10 (N.D. Tex. 1990). Instead, a bankruptcy court can only take judicial notice of specific and uncontested facts that are part of the instant Chapter 11 proceedings. In *Wynn*, the district court rejected the appellant's attempted designation of the entire chapter 11 case. The Court found that its inclusion was unreasonably broad and amounted to no designation at all. In *Wilson v. Huffman (In re Missionary Baptist Found. of Am.)*, 712 F.2d 206, 211 (5th Cir. 1983), the Fifth Circuit concluded that there is no blanket rule allowing courts to take judicial notice of items in the record without a proper indication of what those items or issues are to the opposing party. *Id*. Since items in a record are not the "ordinary fare of judicial notice subject matter," it is only reasonable "that the disadvantaged party be afforded notice and an opportunity to respond." *Annis v. First State Bank of Joplin*, 96 B.R. 917, 920-21 (W.D. Mo. 1988).

3. Moreover, a bankruptcy court cannot take judicial notice of previously filed documents where the facts contained in those documents are being disputed by the parties in the matter before the court. *See In re Indian Palms Assocs., Ltd*. 61 F.3d 197, 204 n.12 (3d Cir. 1995) ("The facts to which [the previously filed documents] related, being disputed in the very

controversy under consideration, were not the sort of facts of which the referee was entitled to take judicial notice.") (quoting *In re Aughenbaugh*, 125 F.2d 887, 890 (3d Cir. 1942)). Facts relating to the merits of the case should be decided on the basis of admitted evidence; this procedure gives each party a fair opportunity to rebut and put into perspective the evidence admitted against it position. *See id*. at 205 (citing *Andrews v. Bechtel Power Corp*., 780 F.2d 124, 142 (1st Cir. 1985), cert. denied, 476 U.S. 1172 (1986)).

## II.

## HCMLP's Request for Judicial Notice is Overly Broad and Vague

4. On April 11, 2011, Highland filed its *Request for Judicial Notice* by which it asks this Court to take judicial notice of various filings and transcripts related to *In re FRE Real Estate, Inc.*, Case No. 11-30210-BJH-11, in addition to a filing related to *In re Four Bucks, LLC*, Case No. 09-42629-DML-11. However, Highland fails to identify the purpose for which (i.e. existence, authentication, admissibility, judicial admission, etc.) it seeks judicial notice and whether that purpose includes matters relevant to the Debtor's Motion for Authority to Use Cash Collateral.

5. The Debtor does not object to the existence or authenticity of the various filings and transcripts offered by Highland and does not object to the Court taking judicial notice for such items for those limited purposes. However, the Debtor does object to the admissibility and relevance of the various filings and transcripts of which Highland asks this Court to take judicial notice, particularly in the absence of any supporting argument or explanation by Highland as to how those items pertain to the relief sought in the Debtor's Motion for Authority to Use Cash Collateral. Without any explanation as to the basis and nature of the judicial notice being sought by Highland, the Debtor objects to Highland's Request for Judicial Notice.

WHEREFORE, the Debtor requests that (1) the Court deny Highland's *Request for Judicial Notice*, [Docket No. 32] to the extent Highland asks the Court to take judicial notice of the documents referenced therein for any purpose other than authentication, (2) order that Highland Capital Management, L.P. must present evidence in support of any other argument or alleged fact set forth in the items of which Highland asks the Court to take judicial notice, and (3) the Debtor be granted further relief to which it is justly entitled.

April 12, 2011

Respectfully submitted,

**BARLOW, GARSEK & SIMON, L.L.P.**

By: /s/ Robert A. Simon
_____
Henry W. Simon, Jr.
Texas Bar No. 18394000
Robert A. Simon
Texas Bar No. 18390000
Spencer D. Solomon
Texas Bar No. 24066117

3815 Lisbon Street
Fort Worth, Texas 76107
Telephone: (817) 731-4500
Facsimile: (817) 731-6200
**Proposed Attorneys for FRE Real Estate, Inc., Debtor-in-Possession**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of April, 2011, I served a true and correct copy of the foregoing to all parties receiving service via this Court's ECF notification system, and the parties listed below by email.

    Michael D. Warner
    COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
    301 Commerce Street, Suite 1700
    Fort Worth, Texas 76102
    Telephone: (817) 810-5250
    Facsimile: (817) 810-5255
    Email: mwarner@coleschotz.com

                                                          /s/ Robert A. Simon
                                                          _____
                                                          Robert A. Simon