Michael D. Warner, Esq., Texas Bar No. 00792304
Emily S. Chou, Esq., Texas Bar No. 24006997
**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**
A Professional Corporation
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
817-810-5250 Telephone
817-810-5255 Facsimile
mwarner@coleschotz.com
echou@coleschotz.com

Attorneys for Highland Capital Management, L.P., as Special Servicer

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| In re | Case No. 11-42042-DML-11 |
| FRE REAL ESTATE, INC., | Chapter 11 |
| Debtor. | Final Hearing Date: May 11, 2011 |
| | Final Hearing Time: 11:00 a.m. |
| | Relates to Docket No. 54 |

### SUPPLEMENT TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**To the Honorable D. Michael Lynn, United States Bankruptcy Judge:**

Highland Capital Management, L.P. (the "Special Servicer"), the special servicer of the secured loan in the original principal amount of $62 million advanced to the Debtor, FRE Real Estate, Inc. (the "Debtor"), hereby files this Supplement (the "Supplement") to the Motion for Relief from the Automatic Stay (the "Motion") previously filed by the Special Servicer, and respectfully states as follows:

76332/0022-7582625v1

# I.
# INTRODUCTION[1]

1. On April 26, 2011, the Special Servicer filed its Motion for Relief From the Automatic Stay [docket no. 54] (the "Motion"), seeking relief from the automatic stay so that it may foreclose on its collateral, including the Fenton Centre. By the Motion, the Special Servicer seeks relief, (i) pursuant to 11 U.S.C. § 362(d)(1) for "cause" on the basis that the Debtor filed the above captioned chapter 11 case in bad faith; and (ii) pursuant to 11 U.S.C. § 362(d)(2) because the Debtor lacks equity in the collateral securing the Fenton Loan, and that the Debtor has no prospect for a confirmation of a plan. See Motion, ¶¶ 27-40.

2. On April 29, 2011, the Court issued its Letter Ruling [docket no. 64] (the "Letter Ruling"), holding that there was a prepetition absolute assignment of the Rents/Leases generated by the Fenton Centre, and therefore such Rents/Leases do not constitute cash collateral of the Debtor. In accordance with the Letter Ruling, on May 2, 2011, the Court entered its Order Denying Debtor's Motion for Authority to Use Cash Collateral [docket no. 66].

3. The Special Servicer hereby files this Supplement to show that, as a result of the Letter Ruling, an additional "cause" now exists to grant immediate relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) because the Debtor cannot adequately protect the Special Servicer's interest in its collateral, including the Fenton Centre. The Rents/Leases from the Fenton Centre constituted the Debtor's sole source of revenue. Without the use of the Rents/Leases, the Debtor has no ability to afford the basic services it must provide to the tenants of the Fenton Centre, including electricity and water, and maintenance of the property and common areas; nor is the Debtor able to pay taxes and insurance on the property. The Debtor's

---

[1] Unless otherwise defined, capitalized terms used herein shall have the same meaning given to them in the Motion.

2

76332/0022-7582625v1

inability to maintain the Fenton Centre's day to day upkeep places the Fenton Centre at risk of suffering a precipitous decline in value in the very near future. Such being the circumstance, the Special Servicer's interest in its collateral, including the Fenton Centre, is clearly not being adequately protected, and is in fact, in jeopardy. For that reason, cause exists to grant immediate relief from the automatic stay to the Special Servicer.

## II.
## BACKGROUND

4. As this Supplement serves only to supplement the Motion and is not intended to supersede or replace the Motion, the Special Servicer will not repeat the facts, background, arguments and analyses contained in the Motion. The Special Servicer hereby, by this reference to the Motion, incorporates the statements, arguments, and exhibits contained in, attached to, and/or referenced in the Motion.

## III.
## LEGAL ANALYSIS

**Cause Exists to Grant the Special Servicer Relief From the Automatic Stay Pursuant to 11 U.S.C. Section 362(d)(1) Because the Debtor Cannot Adequately Protect the Special Servicer's Interest in its Collateral**

5. Section 362(d)(1) of the Bankruptcy Code provides that a "court shall grant relief from the automatic stay provided under subsection (a) of this section… for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Since Section 362(d)(1) specifically defines "cause" to include "adequate protection", a finding that a creditor's interest is not adequately protected entitles the creditor to relief from stay as a matter of law. In re Dumbuya, 428 B.R. 410 (Bankr.N.D.Ohio 2009).

6. "A lack of adequate protection may be shown through evidence of diminution of property values, a continual increase in the amount of the secured debt through interest accruals

3

76332/0022-7582625v1

or otherwise, the failure to pay taxes, the failure to maintain insurance on the property, the failure to maintain the property, or other factors that may jeopardize the creditor's interest in property". In re Wensons Property Management, 2010 WL 3239275 (Bankr.M.D.Tenn 2010) (citing In re J&M Salupo Develop. Co., Inc., 388 B.R. 809, 812 (Bankr.N.D.Ohio 2008).

7. In the Debtor's Cash Collateral Motion, the Debtor represented that it needed to use the Rents/Leases collected from the Fenton Centre tenants to "operate its business" and pay "operating expenses, insurance premiums, monthly utility charges, real estate commissions, and property taxes." Cash Collateral Motion, ¶¶ 7-8. The Debtor represented that the use of the Fenton Centre Rents/Leases was immediately needed "to preserve the Debtor's business" and that the Debtor "cannot operate its business without spending money". Id. ¶¶ 8, 10. At the Interim Cash Collateral Hearing, the Debtor's witness, Mr. Gregory Crown (Mr. Crown"), in response to a question from counsel for the Debtor, testified and confirmed that the Debtor does not "have any cash that is not encumbered by a lien in favor for Nexbank". Exhibit AA, Transcript of the Interim Cash Collateral Hearing, p. 82, lines 21-23.

8. In the Letter Ruling, this Court held that the Rents/Leases from the Fenton Centre do not constitute cash collateral of the Debtor because the Debtor granted an absolute assignment of the Rents/Leases pursuant to the Fenton Loan Documents. As a result of the absolute assignment, and the Debtor's prepetition defaults of the terms of the Fenton Loan Documents, as of the Petition Date, the Debtor has no interest in, nor the right to use, the Rents/Leases.

9. The absolute assignment has left the Debtor with no assets to maintain the Fenton Centre. Without the ability to provide necessary landlord services, the Debtor would have no means to attract new tenants and would certainly, and likely very soon, have difficulties

4

76332/0022-7582625v1

maintaining the current occupancy level.[2] In other words, the Debtor has no ability to protect the value of the Fenton Centre nor any hope to secure new financing to service the Fenton Loan. Because the Debtor has proffered no adequate protection to preserve the value of the Fenton Centre, or indeed the value of the Special Servicer's other real property collateral, cause exists to grant relief from the automatic stay to the Special Servicer under Section 362(d)(1). See In re Fry Road Associates, Ltd., 66 B.R. 60 (Bankr.W.D.Tex. 1986) (granting relief from the automatic stay to secured lender pursuant to 362(d)(1) where secured lender was granted an absolute assignment of rents thus leaving the debtor with "no assets to maintain the property and common areas, or to pay for new tenant finish-out, insurance, and broker's commission on new or replacement leases."); see also MacArthur Executive Associates v. State Farm Life Insurance Co., 190 B.R. 189 (D.N.J. 1995) (granting relief from stay to the secured lender who held title to rents as the result of an absolute assignment of rents and the Debtor conceding it was "unable to provide adequate protection to [the secured lender] without title to the Rents.")

10. For the reasons set forth above, the Special Servicer submits that "cause" exists under Section 362(d)(1) of the Bankruptcy Code to grant relief from the automatic stay to the Special Servicer.

---

[2] At the Interim Cash Collateral Hearing, Mr. Crown testified that the Debtor is obligated to provide the tenants of the Fenton Centre "a safe and hospitable and attractive workplace... through heating, ventilating and air-conditioning, or electricity for the lights and so forth, as well as life safety and other issues." Exhibit AA, Transcript of Interim Cash Collateral Hearing, p. 83, lines 3-9. When Mr. Crown was asked what would happen if the Debtor is unable to use the Rents/Leases to pay for the services needed to be provided to the tenants, he testified that "... it would effectively cut the building – shut the building down and be contra to all of the leases we have with the tenants in that building." Id., at p. 83, lines 15-17.

5

Case 11-42042-dml11   Doc 72   Filed 05/06/11   Entered 05/06/11 16:03:52   Desc Main
Document      Page 6 of 6

DATED: May 6, 2011.                    Respectfully submitted,

/s/ *MICHAEL D. WARNER*
_____
Michael D. Warner (Texas Bar No. 00792304)
Emily S. Chou (Texas Bar No. 24006997)
**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
Telephone:    (817) 810-5250
Facsimile:    (817) 810-5255
mwarner@coleschotz.com
echou@coleschotz.com

Attorneys for the Special Servicer

6

76332/0022-7582625v1