Michael D. Warner, Esq., Texas Bar No. 00792304
Emily S. Chou, Esq., Texas Bar No. 24006997
**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**
A Professional Corporation
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
817-810-5250 Telephone
817-810-5255 Facsimile
mwarner@coleschotz.com
echou@coleschotz.com

Attorneys for Highland Capital Management, L.P., as Special Servicer

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| In re | : Case No. 11-42042-DML-11 |
| | : |
| FRE REAL ESTATE, INC., | : Chapter 11 |
| | : |
| Debtor. | : Hearing Date: May 11, 2011 |
| | : Hearing Time: 11:00 a.m. |
| | : |
| | : Relates to Docket No. 69 & 71 |

## SPECIAL SERVICER'S SUPPLEMENTAL OBJECTION
## TO THE DEBTOR'S EMERGENCY MOTION FOR RECONSIDERATION
## OF COURT'S LETTER RULING OF APRIL 29, 2011
## AND ORDER ENTERED IN CONNECTION THEREWITH

To the Honorable D. Michael Lynn, United States Bankruptcy Judge:

Highland Capital Management, L.P. (the "Special Servicer"), the special servicer of the secured loan in the original principal amount of $62 Million advanced to the Debtor, FRE Real Estate, Inc. (the "Debtor"), hereby files this Supplemental Objection to the Debtor's Emergency

Motion for Reconsideration of Court's Letter Ruling of April 29, 2011 and Order Entered in Connection Therewith (the "Motion")[1].

1. One of the primary focuses of the Motion is the application of Section 541of the Bankruptcy Code to the Rents and the Debtor's reliance upon two decisions from the Bankruptcy Court for the Southern District of Texas. Taken to the logical conclusion of the Debtor's arguments, the Debtor would eliminate altogether the concept of an absolute assignment, notwithstanding that Texas Law clearly permits parties to contractually agree to an absolute assignment of Rents.

2. Further, the Debtor leaps to the conclusion that Section 541 of the Bankruptcy Code provides the Debtor with some minimal interest in the Rents, <u>such that **all** the Rents become cash collateral – even those that have been absolutely assigned</u>. The Debtor relies upon the decision of In re Las Torres Development, LLC, 408 B.R. 876 (Bankr. S.D. Tex. 2009) and quotes the following language: "Thus, even if § 541(a)(6) does not place post-petition rents from the estate property in the Debtor's bankruptcy estate, the debtor nonetheless retains some minimal interest in the rents sufficient to make those rents 'property of the estate' under § 541(a)(1) ... ." Las Torres, 408 B.R. at 887[2]. The Debtor's conclusions, are wrong.

---

[1] The Debtor filed the Motion on May 3, 2011 [Docket no. 69]. On May 5, 2011, the Special Servicer filed its Objection to the Motion [Docket no. 71]. Capitalized terms herein shall have the same definitions ascribed to them in the Objection.

[2] Following the quoted language, the Court in Las Torres, states: "This is especially true where, as here, the Debtor is still in possession of the Rents because bare possession, alone, constitutes one stick in the bundle of sticks that comprise property rights." Las Torres, 408 B.R. at 887 (citations omitted). In the instant case, the Debtor has not been in possession of any of the Rents, due, in part, to the operation of the Cash Management Agreement and the Lockbox controlled by the Special Servicer. Thus, the Debtor does not even have the *one stick* addressed in Las Torres.

2

3. On March 31, 2011, the United States Bankruptcy Court, for the Southern District of New York, the Honorable Sean H. Lane, specifically addressed the interplay between an absolute assignment of Rents and Section 541 of the Bankruptcy Code, as follows:

> **An absolute assignment of rents prepetition does not necessarily mean that the estate has no interest in the rents for purposes of Section 541 analysis.** Loco Realty, 2009 Bankr.LEXIS 1724, at * 17 (citations omitted). **However if a debtor has only an interest in the rents to the extent a mortgage is ever satisfied, the cash flow from the rents is not property of the estate until the mortgage is satisfied.** Loco Realty, 2009 Bankr.LEXIS 1724 at * 18-19. **Therefore, until the Mortgage and Note here are satisfied, the rents are not property of the Debtor's estate and cannot be used by the Debtor to fund a plan of reorganization.**
>
> **Applying these principals here, the rents are not property of the estate because the Debtor had, at most, a revocable license in the rents at issue – a license that was revoked by the Lender prior to the Petition Date – and because the Mortgage and the Note remain unsatisfied.**

In re SOHO 25 Retail, LLC, 2011 WL 13333084 (Bankr. S.D.N.Y. March 31, 2011) (emphasis added)[3].

4. This Court has found an absolute assignment existed pre-petition, and that the license granted pursuant to Section 10.1 of the Deed of Trust was terminated pre-petition. Thus, assuming *arguendo*, that Section 541 applies (which the Special Servicer disputes), at best the Debtor has an interest, once the obligation owed to the Special Servicer is satisfied. Thus, the Rents do not become property of the Debtor's estate.

---

[3] The SOHO Court cited In re Loco Realty Corp., 2009 WL 2883050 (Bkrtcy. S.D.N.Y. 2009) which also addressed the interest held by the Debtor only after the debt is satisfied, as follows: "In light of the fact that the Debtor only has an interest in the rents to the extent the mortgage is ever satisfied, the cash flow from the rents itself until the mortgage is satisfied is <u>not property of the estate</u> and cannot be used by the Debtor to fund the plan." Loco Realty, at 6 [emphasis added].

76332/0022-7592134v1

DATED: May 9, 2011.    Respectfully submitted,

*/s/ MICHAEL D. WARNER*

Michael D. Warner (Texas Bar No. 00792304)
Emily S. Chou  (Texas Bar No. 24006997)
**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
Telephone:    (817) 810-5250
Facsimile:    (817) 810-5255
<u>mwarner@coleschotz.com</u>
<u>echou@coleschotz.com</u>

Attorneys for the Special Servicer

76332/0022-7592134v1

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2011, true and correct copies of the *SPECIAL SERVICER'S OBJECTION TO THE DEBTOR'S EMERGENCY MOTION FOR RECONSIDERATION OF COURT'S LETTER RULING OF APRIL 29, 2011 AND ORDER ENTERED IN CONNECTION THEREWITH* was served on the following by First Class Mail, postage-prepaid and via the Court's ECF system in the above case.

Robert A. Simon, Esq.
Barlow Garsek & Simon, LLP
3815 Libson Street
Fort Worth, TX 76107

US Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-1496

DATED: May 9, 2011

By: /s/ *Michael D. Warner*

76332/0022-7592134v1